**James J. AAMODT, on behalf of himself and all others similarly situated, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**Ruben S. ABUNDIS, on behalf of himself and all others similarly situated, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**Nos. 91–5101, 91–5102.**

United States Court of Appeals, Federal Circuit.

Sept. 10, 1992.

Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., argued for plaintiffs-appellants. With him on the brief was Thomas A. Woodley.

Shalom Brilliant, Attorney, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Jeanne E. Davidson, Asst. Director.

Before RICH, NEWMAN, and PLAGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

These appeals present common issues of law, and are combined for decision. In accordance with *Muniz v. United States*, 972 F.2d 1304 (Fed.Cir.1992), we affirm the holdings of the United States Claims Court,[1] dismissing the complaints in both actions for lack of subject matter jurisdiction. We review *de novo* the correctness of the Claims Court's dismissal.

Both actions involve overtime pay claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. The appellants in *Aamodt* are former special agents

---

**1.** *Aamodt v. United States*, 22 Cl.Ct. 716 (1991); *Abundis v. United States*, No. 22–88C (Cl.Ct. Apr. 26, 1991).

who are or were employed with the Department of Justice in the Immigration and Naturalization Service. The appellants in *Abundis* are former technicians who are or were employed by various agencies of the federal government. Both groups of appellants were, at the time that their FLSA claims arose, members of bargaining units having collective bargaining agreements that included, as subject to grievance procedures, the overtime issues here before us.

The complaints in both actions were filed in the Claims Court before this court's decision in *Carter v. Gibbs*, 909 F.2d 1452 (Fed.Cir.) (*en banc*), *cert. denied*, — U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), wherein we held, interpreting 5 U.S.C. § 7121(a), that the overtime pay claims there brought under the FLSA could be pursued only through the grievance procedures of the relevant collective bargaining agreement, unless the collective bargaining agreement specifically exempted the subject matter from its coverage.

In both actions the Claims Court examined the collective bargaining agreements and concluded that the FLSA claims for overtime pay were subject to the negotiated grievance procedures set in the agreements. That aspect is not appealed. These appellants do not dispute that their FLSA claims could have been the subject of grievance procedures at the time the claims arose. However, they point out a distinction between their situations and that of *Carter v. Gibbs;* that is, that in the cases at bar the appellants no longer are members of the collective bargaining units. Some of the appellants no longer meet the definition of "employee" stated in the Civil Service Reform Act, 5 U.S.C. § 7103(a)(2), having retired, died, or been promoted to supervisory positions. Other appellants are still federal employees but have been transferred in position or location and are no longer subject to the collective bargaining agreement under which their claim arose. These situations were not addressed in *Carter v. Gibbs*.

They were, however, addressed later in *Muniz v. United States*, wherein this court held that a change in "employee" status after a claim arises does not affect the applicability of the bargaining agreement under which the claim arose. In such circumstances the applicability of the agreement survives the change in status, unless the claims raised by former employees are excluded by the terms of the agreement. *See Muniz*, 972 F.2d at 1311–12. *Muniz* also held that, like *Carter v. Gibbs*, the grievance procedure was the exclusive recourse in situations where the subject matter in dispute was not excluded by the terms of the agreement. We have reviewed the issues raised and the status of the appellants in both of these appeals, and conclude that the holding in *Muniz v. United States* is applicable to these appellants.

We had requested supplemental briefing on issues of interpretation of the Civil Service Reform Act. The appellants argue that since separated, promoted, and deceased employees are excluded from the definition of "employee" in 5 U.S.C. § 7103(a)(2), Congress must have intended to exclude this group from the negotiated grievance procedures that are provided for employees. Appellants maintain that this definition authorizes agencies and unions unilaterally to withhold access to grievance procedures for claimants who are not "employees" at the time of filing of the grievance. The United States correctly points out that, in accordance with the rationale of *Hess v. Internal Revenue Service*, 892 F.2d 1019, 1020 (Fed.Cir.1989), it is the claimant's status at the time the claim accrues that controls the availability of the grievance procedure. Thus federal employees whose claims were grievable when they arose continue to have access to the grievance procedures after the employee leaves the bargaining unit, unless the collective bargaining agreement provides otherwise. *Muniz*, 972 F.2d at 1312 (citing *Nolde Bros., Inc. v. Local No. 358 Bakery & Confectionery Workers Union, AFL–CIO*, 430 U.S. 243, 255, 97 S.Ct. 1067, 1074, 51 L.Ed.2d 300 (1977)). Conversely, the federal agency and union may not forbear to entertain such grievances on behalf of former employees, with respect to claims that accrued while in employee status. This

effectuates the comprehensive scheme intended by Congress, as elaborated in *Carter v. Gibbs* and *Muniz v. United States.*

The Claims Court found that the collective bargaining agreements at issue do not exclude from the grievance procedures the claims now asserted. The United States agrees. Applying *Muniz*, the grievance procedure is the exclusive remedy for these former employees. We conclude that these appellants are not divested of their right of redress through the grievance procedures of their former bargaining units, despite their subsequent separation, transfer, promotion, or death.

AFFIRMED.