Eddie J. ADAMS and the Other Named Plaintiffs–Appellants, Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

Nos. 90–5137, 90–5143.

United States Court of Appeals, Federal Circuit.

Nov. 3, 1992.

Rehearing Denied in No. 90–5137, Dec. 1, 1992.

Michael J. Tedesco, Portland, Or., argued, for plaintiffs-appellants.

Shalom Brilliant, Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen. and David M. Cohen, Director.

Before ARCHER, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Eddie J. Adams *et al.*, appeal from the judgment of the United States Claims Court dismissing their complaint for lack of subject matter jurisdiction. *Adams v. United States*, 20 Cl.Ct. 542 (1990). Because resolution of the appellants' pay claims may only be pursued through the grievance procedure provided in the governing collective bargaining agreement, we affirm.

## BACKGROUND

Appellants are present and former employees of the North Pacific Division of the U.S. Army Corps of Engineers (Corps), whose wages are and were governed by the Prevailing Rate Systems Act of 1972, Pub.L. No. 92–392, 86 Stat. 564, codified as amended at 5 U.S.C. §§ 5341–5349 (1988). During all times relevant to their complaint, appellants are or were members of a union. The union and the Corps were parties to consecutive collective bargaining agreements executed in 1982, 1985, and 1988.

In 1982, Congress amended the prevailing rate system through the Supplemental Appropriations Act of 1982, Pub.L. No. 97–257, 96 Stat. 818, 832 (the 1982 Amendment), in order to alleviate the disparity between the wages of Corps employees and those performing comparable work in other agencies. The 1982 Amendment charged the Department of Defense Wage Fixing Authority (DODWFA) with the responsibility for setting wages of Corps employees consistent with that of employees of the Departments of Energy and Defense. 5 U.S.C. § 5343 note (1988). Pursuant to the new rate schedules established by the DODWFA under the authority of the 1982 Amendment, the Corps discontinued payment of certain "premium pay" provided under 5 U.S.C. § 5343 (1988).

Appellants, represented by the union, sought resolution of their pay dispute in 1985 and 1987 through the grievance procedure stipulated in the then-governing collective bargaining agreement.* After fail-

---

* The union filed a grievance against the Corps in 1985, alleging that the Corps had violated the 1982 agreement in discontinuing payment of shift differential. At arbitration, the arbitrator ruled in favor of the union and awarded the affected employees backpay for the shift differential. On appeal to the Federal Labor Relations Authority (FLRA), the FLRA set aside the

ing to obtain satisfaction of their claims through the grievance process, appellants filed suit in the U.S. Claims Court in 1990, seeking premium pay plus interest, retroactive to May 29, 1983, including environmental hazard pay, seniority pay, and night shift differential pay.

Following our decision in *Carter v. Gibbs*, 909 F.2d 1452 (Fed.Cir.1990) (in banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), the Claims Court dismissed appellants' complaint for lack of jurisdiction. The court concluded that the grievance procedure of appellants' collective bargaining agreement constituted the exclusive remedy for their pay claims. Because the governing agreement did not exclude from the grievance procedure the pay claims at issue, the court determined it lacked jurisdiction over appellants' complaint. We review *de novo* the correctness of the Claims Court's dismissal for lack of subject matter jurisdiction. *Aamodt v. United States*, 976 F.2d 691 (Fed.Cir.1992).

## DISCUSSION

Section 7121(a) of the Civil Service Reform Act of 1978 requires that all collective bargaining agreements contain "grievance procedures for the settlement of grievances." 5 U.S.C. § 7121(a)(1) (1988). In addition, the statute provides that "[a]ny collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement." 5 U.S.C. § 7121(a)(2) (1988). In *Muniz v. United States*, 972 F.2d 1304 (Fed.Cir.1992), this court reaffirmed and expounded upon its holding in *Carter*. The court in *Muniz* held that "grievances which are cognizable under section 7121(a)(1) and are not explicitly and unambiguously excluded by the parties under section 7121(a)(2) from the agreement's compulsory grievance and arbitration procedures are exclusively subject thereto." *Id.* at 1319.

arbitrator's award. The FLRA concluded that the 1982 Amendment prohibited payment of shift differential to Corps employees. 21 F.L.R.A. 501 (1986).

In a separate action brought in 1987, the union also appealed the negotiability of its premi-

The collective bargaining agreements between the Corps and the union governed the terms and conditions of appellants' employment. Article 17 of the 1988 agreement, which was in effect when the instant suit was commenced, delineates the grievance procedure to be followed for the resolution of complaints arising out of the agreement. Section 17.3 provides in pertinent part:

17.3—This negotiated grievance procedure *shall be the exclusive procedure* for resolving complaints included in its coverage. [Emphasis added.] Nothing provided for in this Article shall restrain employees who have a right of action in State or Federal Court which does not require the exhaustion of a grievance procedure. Questions involving application of published agency policies, provisions of law, regulations of the Department of the Army Corps of Engineers or regulations of appropriate authorities outside the Department of the Army shall not be subject to the grievance procedure. However, the Union shall have the right to grieve actions taken by the Division as a result of Division interpretation of any of the above mentioned regulations.

Appellants assert that under section 17.3, all disputes regarding the application of statutes are expressly excluded from the coverage of the agreement. Accordingly, they argue that their complaint is expressly excluded from the agreement because it raises a question concerning the statutory application of 5 U.S.C. § 5343 by the DODWFA. We are unpersuaded by appellants' attempt to characterize their claims in that manner. A similar contention was rejected by the court in *Muniz*, which recognized that acceptance of such a view would "leave[ ] the dispute resolution process in the agreement in shambles, because any issue in grievance or arbitration appar-

um pay claims to the FLRA. The FLRA, in concluding that the 1982 Amendment prohibited the payment of premium pay to Corps employees, determined that such pay claims were not appropriate for negotiation because they were contrary to law. 30 F.L.R.A. 639 (1987).

ently could be removed from the process at any time by an alleged need to construe or apply a law or regulation." *Muniz,* 972 F.2d at 1310.

The gravamen of appellants' complaint is that the Corps improperly discontinued the payment of premium pay pursuant to the wage schedules set by the DODWFA under the 1982 Amendment. Their claims are essentially claims for pay, and as such, can only be brought against their employer, the Corps. The fact that the DODWFA set the wage rate does not take this case out from the *Muniz* rule. Irrespective of who determines the wage rate, these pay claims must be brought against the employer and they are subject to the collective bargaining agreement. Thus, these claims must be pursued according to the grievance procedure set out in the governing agreement, unless they are explicitly and unambiguously excluded therefrom.

We conclude that because appellants' pay claims are not explicitly and unambiguously excluded from the grievance procedure, and are not otherwise statutorily excluded from its coverage, the Claims Court lacks jurisdiction to hear their complaint. In so holding, we are not unmindful of the "Catch–22" predicament facing the appellants, who maintain that the effect of the decisions of the Claims Court and the FLRA is to leave them without a forum in which to bring their claims. However, we must adhere to the "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists...." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988).

## CONCLUSION

The Claims Court's decision to dismiss the complaint for lack of jurisdiction is affirmed.

AFFIRMED.