Severn SAMPLE, Oliver Adams, Haywood Campbell, Homer Chancy, John Draper, Donald Ketchum, Harold Tompoles, Evatus Morris, Lee Cantrell, John Moyers, Jr., Earl Sorenson, William Spencer, Herbert Tunney, Charlene Albert, Frank Gott, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

The UNITED STATES of America and the United States Department of Veterans Affairs, Defendants.

No. 92 C 4406.

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1993.

---

Richard James Puchalski, Sklodowski, Franklin, Puchalski & Reimer, Chicago, IL, for plaintiffs.

Madeline Sullivan Murphy, U.S. Attys. Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This case is before the court on reconsideration of its March 15, 1993, order denying without prejudice defendant United States' motion to dismiss the complaint. For reasons discussed below, that part of the order of March 15 that denied the government's motion to dismiss as to the subject matter jurisdiction issue is vacated, and defendant's motion to dismiss is reinstated as to that issue and granted.

## I. BACKGROUND

Plaintiffs' Complaint, brought as a class action against the United States of America and the United States Department of Veteran Affairs, alleges that they and their class were repeatedly exposed to asbestos during their employment by the United States Department of Veteran Affairs ("DVA") at the North Chicago Veteran's Administration hospital in North Chicago, Illinois. Plaintiffs seek unpaid environmental differential pay ("EDP") for their exposure to asbestos.[1]

In 1975, the United States Office of Personnel Management issued a payment schedule, Appendix J to Federal Personnel Manual 532–1, under which governmental employees would be paid EDP when working in areas where airborne asbestos fibers may expose such employees to potential illness or injury. In 1986, the American Federation of Government Employees, Local 2107 ("AFGE 2107"), the collective bargaining representative of certain employees at the North Chicago hospital, instituted a grievance for the payment of EDP for asbestos exposure on behalf of all of the then-current bargaining unit employees at the North Chicago hospital. That grievance led to a settlement in May 1987 between AFGE 2107 and the DVA in which the DVA agreed to provide EDP to "Engi-

---

1. Facts stated herein are drawn from the allegations in the Complaint.

neering Service and Building Management Paint Shop employees who are or were wage grade employees." (Complaint ex. B, at 1)[2] According to the Complaint, funds were paid pursuant to this settlement on or about June 21, 1989. The DVA also allegedly provided EDP to some non-bargaining unit employees on the same terms as the settlement with AFGE 2107.

Plaintiffs and the class they purport to represent allege they were entitled to receive EDP for asbestos exposure and would have received such pay under the AFGE 2107 settlement, but for the fact that at the time of the settlement they were no longer in the bargaining unit. They now sue, seeking certification of the class,[3] declaratory relief, monetary relief, and attorneys' fees.

Plaintiffs ground federal subject matter jurisdiction on the United States being named as a defendant in the suit, and the claim not being in excess of $10,000 for each class member. 28 U.S.C. § 1346(a)(2).

By motion to dismiss defendant United States challenged plaintiff's claim of section 1346 jurisdiction.[4] The court denied the motion without prejudice, and later agreed to reconsider based on the government's claim that the outcome of the motion was controlled by *Aamodt v. United States*, 976 F.2d 691 (Fed.Cir.1992), and that under that case this court lacks subject matter jurisdiction.

## II. DISCUSSION

■ United States Court of Appeals, Federal Circuit, jurisprudence controls since the case would be appealed to the Federal Circuit. 28 U.S.C. § 1295(a)(2); *United States v. Hohri*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). *Aamodt v. United States*, as well as any other Federal Circuit case law,

therefore is binding precedent. It remains to consider whether this Federal Circuit case law strips the court of subject matter jurisdiction.

■ In *Carter v. Gibbs*, 909 F.2d 1452 (Fed.Cir.), *cert. denied*, 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), the Federal Circuit recognized the exclusivity of collective bargaining grievance procedures for civil service workers, as mandated by the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7101 *et seq.* The CSRA and a host of interpreting cases, *e.g., Aamodt v. United States*, make clear that a federal court has no jurisdiction to hear a civil servant's claim against the United States where a grievance procedure is in place that covers the employee. At the time of employment, no one disputes, plaintiffs were members of a collective bargaining unit with access to a grievance procedure.

■ Plaintiffs note that at the time of the settlement in May 1987 they were no longer members of the collective bargaining unit, and therefore were not covered by the settlement. Since they were out of the collective bargaining unit, plaintiffs argue, they were not entitled to use the grievance procedure, and therefore this court would have section 1346 jurisdiction to hear the claim. This argument, however, was squarely rejected by the Federal Circuit in *Aamodt v. United States*.

The appellants in *Aamodt* had attempted to bring overtime pay claims before the United States Claims Court, which dismissed the claims for lack of subject matter jurisdiction because the claims were subject to grievance procedures. The *Aamodt* appellants made the same argument as plaintiffs make here: "that ... the appellants no longer are mem-

---

**2.** The complaint also alleges that through the settlement the DVA admitted liability. This allegation is belied by the plain language of the settlement agreement, which is attached to the complaint. (*Compare* Complaint ¶ 14 *with* Complaint ex. B, at 2, 3).

**3.** At the time of the disposition of this motion the court had not ruled on class certification. Since the motion to dismiss is now granted it will be unnecessary to reach any class certification issues.

**4.** The government's motion noted two other bases to dismiss, neither one of which the court need comment on. One basis was failure to bring suit within the applicable statute of limitations, an argument mooted by the court's ruling today. The other basis is failure to properly serve, which would fail because of the court's March 15, 1993, order extending the time to serve the United States *nunc pro tunc* to the dates of service.

bers of the collective bargaining units." *Aamodt*, 976 F.2d at 692. The *Aamodt* court's resolution of the question could hardly have been more clear: "In such circumstances the applicability of the agreement survives the change in status, unless the claims raised by former employees are excluded by the terms of the agreement." *Id.* Again, "it is the claimant's status at the time the claim accrues that controls the availability of the grievance procedure." *Id.; see also Minter v. United States*, 1993 WL 469971 (N.D.Ill. Nov. 10, 1993).

Plaintiffs have attempted to raise a coverage issue, asserting they are, as former employees, specifically excluded from the grievance procedure. For support they cite Article VI of their collective bargaining agreement, which defines the unit as including "all regular work force employees" without mentioning a continuing availability of grievance procedures upon separation. The court does not read Article VI as excluding former members of the unit from grievance procedures. Article VI defines membership in the unit; it does not carve out an exception to grievance procedure coverage, and thus "the applicability of the agreement survives the change in status." *Aamodt*, 976 F.2d at 692. Nothing in Article VI suggests that employees who meet that definition will not, upon separation, have the procedures available to them as to claims that accrued during their unit membership. *See also Nolde Bros., Inc. v. Local No 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 255, 97 S.Ct. 1067, 1074, 51 L.Ed.2d 300 (1977) ("[T]he presumptions favoring arbitrability must be negated expressly or by clear implication.").

■ Plaintiffs further argue that their claims accrued only at the time of the May 1987 settlement, but this is not persuasive. First, as the government notes, the settlement agreement did not vest any rights for plaintiffs because it specifically and carefully denied liability both as to the claims settled then and as to any future claims. Second, an employee's claim to pay accrues when it is earned. *See Muniz v. United States*, 972 F.2d 1304, 1312 (Fed.Cir.1992). The May 1987 settlement is simply not the date of accrual.

■ Plaintiffs contend, however, that theirs is a unique situation because, unlike wages and overtime pay, an employee has "no absolute entitlement" to EDP. Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss at 3. Plaintiffs claimed distinction fails. The touchstone is grievability, and an EDP claim is generally grievable, *see Harris v. United States*, 841 F.2d 1097, 1100 (Fed.Cir.1988), a point plaintiffs nowhere attempt to dispute.

It is therefore clear that at the time plaintiffs' claims accrued the plaintiffs were members of a collective bargaining unit entitled to use grievance procedures. Under *Aamodt*, it follows, this court has no subject matter jurisdiction over the claims.

The last issue raised by plaintiff is based on a claimed inequity resulting from retroactive application of *Aamodt*. Plaintiffs claim that since they procedurally defaulted under the collective bargaining agreement by not filing a grievance within thirty days, dismissal here would work an inequitable retroactive application of the *Aamodt* holding. Whether a retroactivity problem exists is often a complicated question. Here, however, the *Aamodt* opinion provides on-point guidance, albeit subtly. A look at the timing of events described in the Federal Circuit's *Aamodt* opinion suggests that the *Aamodt* plaintiffs could have made the same argument on retroactivity grounds. The Federal Circuit nonetheless affirmed dismissal of the complaints there. Furthermore, the United States Claims Court below in *Aamodt* directly addressed and rejected the same argument plaintiffs asserted here:

It is no answer to argue that, if the court were to decide that plaintiffs must seek redress through their negotiated grievance procedure, these remedies may well be unavailable at this time. The court takes no position on whether these claims are in fact grievable. It may be that they are. In any case, the fact that the claims are non-grievable [by procedural default] would not be enough for the court to assert jurisdiction. Although there may be anomalous results in some cases, the question is whether the court should honor the clear

statutory preference for directing employees to resolve covered disputes through the collective bargaining mechanism.

*Aamodt v. United States,* 22 Cl.Ct. 716, 720 (1991) (citations omitted), *aff'd,* 976 F.2d 691 (Fed.Cir.1992). Both the logic of the Claims Court's reasoning and the fact that it survived the Federal Circuit's review persuades the court that plaintiffs' retroactivity argument does not justify retaining jurisdiction.

Accordingly, *Aamodt v. United States* controls here, and compels dismissal of the complaint for lack of subject matter jurisdiction.

### CONCLUSION

That part of the order of March 15, 1993, that denied without prejudice the government's motion to dismiss is vacated as to the issue of subject matter jurisdiction, and the government's motion to dismiss is reinstated as to that issue and granted. This case is dismissed with prejudice for lack of subject matter jurisdiction.