Severn SAMPLE, Oliver Adams, Haywood Campbell, Homer Chancy, John Draper, Donald Ketchum, Harold Tompoles, Evatus Morris, Lee Cantrell, John Moyers, Jr., Earl Sorenson, William Spencer, Herbert Tunney, Charlene Albert, Frank Gott, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

**The UNITED STATES and the Department of Veterans Affairs, Defendant–Appellee.**

No. 94–1158.

United States Court of Appeals, Federal Circuit.

Sept. 8, 1995.

Richard J. Puchalski, Sklodowski, Franklin, Puchalski & Reimer, Chicago, IL, argued for plaintiffs-appellants.

Virginia M. Lum, Attorney, Commercial Litigation Branch, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General and David M. Cohen, Director.

Before NEWMAN, PLAGER, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Appellants are former employees of the V.A. Medical Center in North Chicago, Illinois. They appeal from the dismissal by the United States District Court for the North-

ern District of Illinois[1] of their claims for environmental differential pay (EDP). The district court held that the grievance procedure of the collective bargaining agreement between Appellants and the Department of Veterans Affairs, which was in force at the time of their employment, constitutes their only avenue of redress. The district court thus dismissed the suit. We affirm, for the Appellants have not established a basis for proceeding outside of the negotiated grievance procedure.

## OPINION

Since 1975, environmental differential pay has been available to federal employees whose working environments subjected them to exposure to airborne asbestos fibers. Local 2107 of the American Federation of Government Employees, representing the employees of the North Chicago Center, in 1986 instituted a grievance pursuant to the collective bargaining agreement, seeking EDP for those currently employed members of the collective bargaining unit who had been exposed to asbestos at the Center. In 1987 the union and the agency entered into a settlement agreement wherein the agency admitted no liability but established an EDP schedule for current employees who were "in Engineering and/or Building Management Paint Shop Services on August 26, 1987." Appellants were then no longer employed at the Center, and were not included in the settlement and its benefits.

Appellants state that they were exposed to asbestos during the period of their employment, were entitled to EDP, and would have received it by virtue of the settlement agreement but for the fact that they were no longer employed at the Medical Center at the time of the settlement. Arguing that as former employees the grievance procedure of the collective bargaining agreement was no longer available to them, Appellants brought suit in the district court to recover the EDP to which they were entitled in accordance with statute and regulation.

The Civil Service Reform Act provides that a collective bargaining agreement that requires arbitration of disputes through a grievance procedure constitutes the only mechanism for settlement of the employment claims of an employee who was a member of the collective bargaining unit at the time the claim accrued:

**5 U.S.C. § 7121(a)**

(1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d) and (e) of this section, the procedures shall be the exclusive procedures for resolving grievances which fall within its coverage.

(2) Any collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement.

In *Carter v. Gibbs,* 909 F.2d 1452, 1455 (Fed.Cir.) (*en banc*), *cert. denied,* 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), the Federal Circuit held that § 7121(a)(1) meant that the grievance procedures are the only means for resolving employee claims unless, as permitted by § 7121(a)(2), the collective bargaining agreement itself provides otherwise. In *Muniz v. United States,* 972 F.2d 1304, 1311 (Fed.Cir.1992), the court held that claims of a retired employee, arising while employed and subject to a collective bargaining agreement, are also limited to the exclusive path of § 7121(a). "When the dispute in question involves a claim which arose during employment, that dispute can only be removed from the grievance and arbitration processes by the explicitly and unambiguously declared intention of the parties." *Id.* at 1313. In that case the claim was for accrued leave earned during employment. This court held that since the claim arose during employment, the grievance procedures of the bargaining agreement provided the exclusive remedy. *See also Aamodt v. United States,* 976 F.2d 691, 692 (Fed.Cir.1992) (holding that a change in "employee" status after a claim arose did not affect the exclusive applicability of the bargaining agreement).

Appellants do not argue that they were unable to pursue their claims, by filing a

1. *Sample v. United States,* 838 F.Supp. 373 (N.D.Ill.1993).

grievance, while they were employed and subject to the collective bargaining agreement. Instead, they assert that their entitlement to the EDP did not arise until the settlement agreement was reached, after their retirement. They state that the restriction of § 7121(a)(1) can not apply to them, since they did not have a claim while they were employed and part of the bargaining unit. We believe that the argument is incorrectly focused. These employees' claim to EDP arose when they worked in the allegedly contaminated environments after the statute and regulations were adopted with respect to asbestos contamination, not when a grievance was successfully settled on behalf of other employees, after Appellants' retirement.

Appellants state that they are now excluded from access to the grievance process, citing *Allied Chemical & Alkali Workers Local No. 1 v. Pittsburgh Plate Glass Co.* 404 U.S. 157, 166, 92 S.Ct. 383, 391, 30 L.Ed.2d 341 (1971) ("Nowhere in the history of the National Labor Relations Act is there any evidence that retired workers are to be considered as within the ambit of the collective-bargaining obligations of the statute.") *Allied Chemical* states the general proposition that retired workers are entitled to the benefits negotiated while they were active employees, whereas their continuing benefits after retirement are not required by statute to be within the bargaining obligation of the union. 404 U.S. at 170, 92 S.Ct. at 393. *Allied Chemical* did not prohibit bargaining unit representation for grievances that arose while the retiree was employed. The Federal Circuit so recognized in *Muniz:*

> The availability of grievance and arbitration machinery, either under an expired contract or for a former employee under an ongoing contract, is not uncommon. The Federal Labor Relations Authority (FLRA), the agency charged with administering the CSRA, has recognized that claims of former employees based on disputes arising under the contract are arbitrable.

972 F.2d at 1313 (citations omitted).

The issue in this case relates to the recovery of pay to which the now-retired workers were entitled, if at all, because of the conditions under which they worked while employed. The record does not state whether the Appellants sought representation from their past bargaining unit and were refused, or whether any of the Appellants acted to secure EDP while employed. However, the settlement of a grievance on behalf of other employees, some years later, does not change the status of retired employees who did not seek redress, during their employment, when their entitlement arose.

*AFFIRMED.*