Kevin A. DUNKLEBARGER, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 96–3200.

United States Court of Appeals,
Federal Circuit.

Dec. 3, 1997.

Richard W. Wright, Neiwohner & Wright, P.C., Fairbanks, AK, for petitioner.

Joyce G. Friedman, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before ARCHER, Chief Judge,
NEWMAN and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

This case raises a question regarding the circumstances in which a federal employee who enjoys rights to grievance procedures under a collective bargaining agreement may elect not to employ those procedures and instead to appeal an employment-related claim to the Merit Systems Protection Board. We hold that the governing statute, 5 U.S.C. § 7121(a), does not ordinarily permit an employee to choose between the negotiated grievance procedures and an appeal to the

Merit Systems Protection Board, even when the applicable collective bargaining agreement purports to permit such a choice. We therefore affirm the decision of the Merit Systems Protection Board dismissing the appeal in this case for lack of jurisdiction.

I

Petitioner Kevin A. Dunklebarger, a former employee of the Department of the Army (the agency), suffered an on-the-job injury in late 1990 and was unable to work for more than a year. Mr. Dunklebarger received worker's compensation payments until June 28, 1992. On several occasions during 1992, Mr. Dunklebarger sought reinstatement to his position, alleging that he had partially recovered from his injury. The agency, however, refused to restore him to duty and subsequently removed him for disability on September 5, 1992. Mr. Dunklebarger subsequently appealed to the Merit Systems Protection Board from the agency's refusal to restore him to duty.

The collective bargaining agreement between the agency and the American Federation of Government Employees establishes grievance procedures by which employees may seek relief from employment-related complaints falling within the scope of the grievance mechanism. The collective bargaining agreement provides that the grievance procedure "does not deny any employee the right to select any statutory procedure available under any existing law which has not been excluded under [the grievance] procedure. The employee may use either procedure but not both." In its letter to Mr. Dunklebarger advising him that he was being removed for disability, the agency interpreted that provision of the collective bargaining agreement as giving him the choice of either contractual or statutory remedies. The letter informed him that if he wished to seek review of the decision to remove him, he could either invoke the grievance mechanism or take an appeal to the Merit Systems Protection Board. Mr. Dunklebarger did not appeal his removal, but instead appealed the agency's refusal to reinstate him.

The Board initially dismissed Mr. Dunklebarger's appeal as untimely filed. While Mr. Dunklebarger's appeal from that decision was pending in this court, however, the Board requested and obtained a remand to reconsider its decision. On remand, the Board found that although the agency had advised him of his right to appeal from the removal action, it had not advised him of his right to appeal from the agency's refusal to reinstate him. Based on the agency's failure to notify him of his appeal rights, the Board concluded that Mr. Dunklebarger had shown good cause for his untimely filing and therefore reinstated his appeal. *See Dunklebarger v. Department of the Army*, 67 M.S.P.R. 607 (1995).

When the case returned to the administrative judge for further proceedings, the agency moved to dismiss Mr. Dunklebarger's appeal for lack of jurisdiction. The agency argued that under 5 U.S.C. § 7121(a)(1), Mr. Dunklebarger was required to use the negotiated grievance procedures in the collective bargaining agreement between the agency and the union, and that he did not have the option of appealing to the Merit Systems Protection Board.

The administrative judge agreed with the agency's argument and therefore dismissed Mr. Dunklebarger's appeal. The administrative judge explained that section 7121 provides for the exclusive use of negotiated grievance procedures when they are applicable, except in limited circumstances that do not include requests for reinstatement. The statute thus does not permit employees to choose between contractual and statutory remedies. Even though the agency had initially advised Mr. Dunklebarger that the collective bargaining agreement would allow him to elect either remedy, the administrative judge held that the agency's legal error in that respect could not confer authority on the Board to hear a matter that Congress had excluded from its jurisdiction. After the full Board refused to entertain Mr. Dunklebarger's appeal, he petitioned this court to reverse the Board's decision and to require the Board to hear the merits of his claim for reinstatement.

## II

Section 7121 of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 7121, addresses the allocation of jurisdiction over employment-related complaints by federal employees who are represented by a union. Section 7121(a) provides as follows:

> (1) Except as provided in paragraph (2) of this subsection, any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability. Except as provided in subsections (d), (e), and (g) of this section, the procedures shall be the exclusive administrative procedures for resolving grievances which fall within its coverage.

> (2) Any collective bargaining agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement.

As the text indicates, section 7121(a)(1) requires that collective bargaining agreements with federal agencies contain negotiated grievance procedures, and it contemplates that in most cases the negotiated grievance procedures will be the exclusive means of resolving employment disputes. In three specified instances involving certain prohibited personnel practices and certain agency actions for unacceptable performance, the employee is given the choice of proceeding by way of the grievance mechanism, if it is available, or by an appeal to the Merit Systems Protection Board, but not both. *See* 5 U.S.C. § 7121(d), (e), (g); 5 C.F.R. § 1201.3(c)(1).

Section 7121(a)(2), which permits the parties to exclude "any matter" from the grievance procedures, was designed to give the union and the agency flexibility to reduce the scope of the grievance procedures if they so choose. *See* 124 Cong. Rec. 38,717 (1978) (statement of Rep. Ford). The decision of the agency and the union to remove particular matters from the coverage of the negotiated grievance procedures results in eliminating the employees' right to grieve such matters and leaving the employees with the sole option of appealing to the Merit Systems Protection Board.

## A

Mr. Dunklebarger argues that section 7121(a)(2) permits the union and the agency to allow an employee to choose between the grievance mechanism and an appeal to the Merit Systems Protection Board on any potentially grievable matter. We disagree with that interpretation of the statute. In our view, section 7121(a)(2) permits the parties to a collective bargaining agreement to exclude particular types of claims from the grievance mechanism, and thus remit employees with such claims to their rights before the Merit Systems Protection Board. We do not agree with Mr. Dunklebarger that the statute permits an employee to elect between the grievance mechanism and an appeal to the Merit Systems Protection Board, except with respect to the specific matters excluded from the operation of section 7121(a) by other subsections of section 7121.

Mr. Dunklebarger's interpretation of section 7121(a)(2) would undermine a basic purpose of section 7121(a)(1), which is to provide for the exclusive use of the grievance process in all matters to which the grievance process applies, with the explicit exceptions of those categories set forth in the other subsections of section 7121. *See Muniz v. United States,* 972 F.2d 1304, 1309 (Fed.Cir.1992) ("the Congressionally unambiguous and unmistakable preference for exclusivity of arbitration is a central part of the comprehensive overhaul of the civil service system provided by the CSRA"). If section 7121(a)(2) were given the broad construction urged by Mr. Dunklebarger, it would permit collective bargaining agreements that would dramatically expand the number of matters in which an employee could choose between alternative remedies, in derogation of section 7121's basic purpose—to channel more employee complaints into the negotiated grievance process. We therefore agree with the Board that in referring to those "matters" that could be excluded from the grievance process pursuant to section 7121(a)(2), Congress intended to refer to general subject matters, not to any complaint that a particular employee wishes to

pursue through an appeal to the Board rather than through the grievance mechanism.

## B

The legislative history of the CSRA supports the Board's construction of the statute. The House version of what ultimately became the CSRA would have given employees, in all cases in which the grievance procedures applied, a choice between the grievance procedures and any other available remedy, such as an appeal to the Merit Systems Protection Board. *See* H.R. 11280, 95th Cong. § 7121 (1978). The Senate version, however, took the opposite approach, providing that except for certain specified matters as to which the employee was to have the choice of using the grievance process or appealing to the Merit Systems Protection Board, the grievance process would be the exclusive procedure available to the parties and the bargaining unit employees in all cases in which it applied. *See* S. 2640, 95th Cong. § 7221 (1978). As noted in the conference report, the Senate version prevailed. *See* H.R. Conf. Rep. No. 95-1717, at 157 (1978). The conferees explained that in the Senate version, which the House conferees accepted, "section 7121(a) provides that, except for certain specified exceptions, an employee covered by a collective bargaining agreement must follow the negotiated procedures rather than the agency procedures available to other employees not covered by an agreement." *Id.*

The conference report separately explains the genesis of section 7121(a)(2). The original House bill had provided that all matters that fit the statutory definition of a grievance would be within the coverage of the negotiated grievance procedures. The Senate bill allowed the coverage of the grievance procedures to be subject to negotiation. The conferees compromised by adopting section 7121(a)(2), which maintained the requirement that the grievance procedures be exclusive, while allowing the parties to agree "that certain matters shall not be covered by the grievance procedures." *Id.*

The Senate report on the CSRA is enlightening as to what the "certain matters" that were subject to negotiation were meant to encompass. The report explained:

> [I]f the parties choose to do so, they may negotiate into coverage under their grievance procedure many of the matters that are covered by statutory appeal procedures, such as appeal from the withholding of within-grade salary increases and appeal from reduction-in-force actions. With the exception of adverse actions and discrimination complaints, where a grievance falls within the coverage of the negotiated grievance procedure, both union and non-union members of the bargaining unit must use the negotiated procedure to resolve the grievance.

S. Rep. No. 95-969, at 109-10 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2831-32. The report makes clear that the "matters" that were intended to be subject to removal from the grievance procedures were classes of employee complaints, such as "withholding of within-grade salary increases" or "reduction-in-force actions." The reference to "matters" in section 7121(a)(2) was not intended to denote any complaint by an employee who wished to avoid the grievance process in a particular case, without regard to the nature of the complaint.

## C

This court has not previously had occasion to decide the issue presented by this case, but our ruling today is consistent with the analysis in the court's in banc decision in *Carter v. Gibbs*, 909 F.2d 1452, 1455 (Fed. Cir.1990). In that case, the court noted that the issue of overtime compensation falls within the grievance procedures, and is thus not subject to a Board appeal, "unless the parties otherwise agree." The context of that statement makes it clear that the court was referring to an agreement to exclude overtime compensation from the grievance process altogether, not to an agreement to allow some employees to choose a Board appeal for overtime compensation disputes and other em-

ployees to choose the grievance mechanism. Thus, *Carter v. Gibbs* stands for the proposition that under section 7121, a collective bargaining agreement that includes particular matters within the grievance process has the effect of depriving employees of recourse to alternative remedies to which they otherwise would have access. Nothing in the *Carter* decision, or in any other decision of this court, supports the proposition that Congress intended to permit collective bargaining agreements to enlarge the rights of employees to choose among alternative remedies for disputes falling outside the specific subject matters designated in sections 7121(d), (e), and (g). To the contrary, the language and legislative history of the statute indicate that Congress intended simply to permit the parties to collective bargaining agreements to elect whether to exclude particular subject matters from the coverage of the negotiated grievance procedures.

## III

Mr. Dunklebarger argues that even if he is wrong in his proposed construction of section 7121, this court should nonetheless reverse the Board, for several reasons. First, he contends that the agency, having advised him that he had the choice of proceeding by way of the grievance mechanism or by way of an appeal to the Board, should not be heard to argue that the Board lacks jurisdiction over his appeal. While the agency's position has indeed been inconsistent, an agency cannot by acquiescence confer jurisdiction on the Merit Systems Protection Board to hear an appeal that Congress has not authorized the Board to entertain. It is well settled that no action of the parties can confer subject-matter jurisdiction on a tribunal and that the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so. *See Insurance Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

Second, Mr. Dunklebarger makes the related argument that the Board's first deci-

sion in this case, remanding the case to the administrative judge for a hearing on the merits, was law of the case and prohibited the administrative judge from dismissing the appeal on jurisdictional grounds. In its first order, however, the Board did not address the jurisdictional issue presented here. In any event, this court would have an independent obligation to address the Board's jurisdiction, even if the Board had concluded that it had jurisdiction to decide Mr. Dunklebarger's appeal.

Third, Mr. Dunklebarger argues that because he was no longer an employee of the agency at the time he sought reinstatement, he was not eligible to use the grievance procedures in the collective bargaining agreement, and his exclusive remedy was therefore an appeal to the Merit Systems Protection Board. Mr. Dunklebarger does not point to any provision of the collective bargaining agreement that would deny him access to the grievance mechanism, and this court has held that, absent specific provision to the contrary in the collective bargaining agreement, a former federal employee whose claims were grievable when they arose continues to have access to the negotiated grievance procedures. *See Sample v. United States*, 65 F.3d 939, 940–41 (Fed.Cir.1995); *Aamodt v. United States*, 976 F.2d 691, 692–93 (Fed.Cir.1992); *Muniz v. United States*, 972 F.2d at 1311–12, 1318.

Far too much time has been spent already in this case over procedural matters, a delay that is mainly attributable to the agency. We trust that the parties will now proceed, without further delay, to resolve the merits of Mr. Dunklebarger's grievance pursuant to the negotiated procedures.

Each party shall bear its own costs for this appeal.

*AFFIRMED.*