## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSEMARY B. GREENLAW,
          Appellant,

      v.

DEPARTMENT OF LABOR,
          Agency.

DOCKET NUMBER
SF-0752-17-0090-I-1

DATE: January 26, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rosemary B. Greenlaw</u>, San Jose, California, pro se.

<u>David M. Kahn</u>, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     In April 2016, the agency appointed the appellant to an Administrative Assistant position in the competitive service, with her Standard Form 50 (SF-50) reflecting that she was appointed by reinstatement under the authority of 5 C.F.R. § 315.401 as a former career employee.  Initial Appeal File (IAF), Tab 1 at 7. Effective October 31, 2016, the appellant was terminated from her position.  *Id*. at 10.  The agency informed her that, as a reemployed annuitant, she did not have the right to appeal her termination to the Board.  *Id*.

¶3     The appellant filed an appeal with the Board, claiming that her termination was retaliatory.  IAF, Tab 1 at 5.  She explained that she was not selected for an Investigator position despite being better qualified than other candidates for the position.[2]  *Id.*  She asserted that, after her nonselection, she was directed to perform the former duties of one of the selectees, though she did not receive the

---

[2] The appellant's nonselection claim was docketed as a separate appeal.  *Greenlaw v. Department of Labor*, MSPB Docket No. SF-3443-17-0089-I-1.  The appellant has filed a petition for review concerning that appeal as well, and the Board will issue a separate final decision concerning her nonselection.

higher compensation that the selectee had received. *Id*. She alleged that, after she discussed this issue with her immediate supervisor and other management officials, she was terminated in retaliation. *Id*.

¶4      The administrative judge informed the appellant that it appeared she was a reemployed annuitant and that reemployed annuitants generally have no right to appeal their termination to the Board. IAF, Tab 2 at 2. He therefore ordered her to file evidence and argument establishing that the appeal was within the Board's jurisdiction. *Id*.

¶5      In her response, the appellant argued that she was hired as a career-reinstatement candidate, rather than as a reemployed annuitant. IAF, Tab 3 at 4. She referred to the SF-50 reflecting her reinstatement under the authority of 5 C.F.R. § 315.401. IAF, Tab 1 at 7, Tab 3 at 4. In its response, the agency asserted that the appellant was a reemployed annuitant during her employment with the agency and thus the Board lacks jurisdiction over her appeal. IAF, Tab 5 at 5. As proof, the agency attached the appellant's annuity statement for May 2016. *Id*. at 11. The agency also stated that it had issued a corrected SF-50 two days after the one referred to by the appellant. *Id*. at 4. The corrected SF-50 reflects that the appellant was a reemployed annuitant who served at the will of the appointing officer. *Id*. at 8. Notably, however, the corrected SF-50, like the initial SF-50, still indicated that the appellant was hired as a career-reinstatement candidate under the legal authority of 5 C.F.R. § 315.401. *Id*. at 7-8.

¶6      Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that she undisputedly was receiving a retirement annuity while an employee with the agency and thus had no appeal rights pursuant to 5 U.S.C. § 3323(b)(1). IAF, Tab 6, Initial Decision (ID) at 1-2. He found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over her termination, and he therefore dismissed her appeal. *Id*.

¶7        The appellant has filed a petition for review,[3] the agency has filed a response, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Wilson v. Department of Homeland Security*, 122 M.S.P.R. 262, ¶ 2 (2015). If an appellant makes a nonfrivolous allegation of Board jurisdiction over her appeal,[4] she is entitled to a jurisdictional hearing at which she must prove jurisdiction by a preponderance of the evidence. *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 11 (2007).

¶9        With exceptions not applicable to this case, reemployed annuitants serve at the will of the appointing authority. 5 U.S.C. § 3323(b)(1). Accordingly, reemployed annuitants generally have no right to appeal an adverse action to the Board. *See Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 9 (2012). On review, the appellant does not dispute that she was receiving an annuity while employed by the agency. PFR File, Tabs 1, 5. Regarding the argument she raised below, that she was a career-reinstatement appointee, rather than a reemployed annuitant, we find that the agency's assertion in the SF-50 that the appellant was a career-reinstatement appointee does not negate the fact that, for purposes of 5 U.S.C. § 3323(b)(1), she was a reemployed annuitant receiving an annuity. The appellant was an at-will employee even if the agency neglected to inform her of that fact. *See Phillips v. Department of Housing & Urban Development*,

---

[3] Although there is a question regarding the timeliness of the appellant's petition, we have not decided that issue because the petition for review does not meet the Board's criteria for review for the reasons set forth in this Final Order.

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*.

44 M.S.P.R. 48, 52 (1990); *see also Dunklebarger v. Merit Systems Protection Board*, 130 F.3d 1476, 1480 (Fed. Cir. 1997) (finding that the principles of estoppel do not apply to vest the Board with subject-matter jurisdiction when Congress has not done so). Because the undisputed evidence establishes that the appellant was a reemployed annuitant, we find that she has failed to make a nonfrivolous allegation of jurisdiction. IAF, Tab 5 at 8, 11.

¶10      The appellant seems to allege that she was terminated in retaliation for opposing discrimination that she experienced due to her age and disability. IAF, Tab 1 at 5; PFR File, Tab 1 at 6. However, absent an otherwise appealable action, the Board has no jurisdiction to adjudicate her claims of discrimination or retaliation. *See, e.g.*, *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 20 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). To the extent that the appellant intended to file an individual right of action appeal, we note that she has indicated that she has not filed a complaint with the Office of Special Counsel, IAF, Tab 1 at 4, and we would therefore lack jurisdiction over such an appeal, 5 U.S.C. §§ 1214(a)(3), 1221.

¶11      Finally, the appellant asserts that she was denied discovery in her appeal. IAF, Tab 3 at 4; PFR File, Tab 1 at 7, Tab 5 at 4. However, we find that the appellant has failed to demonstrate how the absence of discovery prejudiced her ability to make a nonfrivolous allegation on the dispositive jurisdictional issue. *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); *Sommers v. Department of Agriculture*, 62 M.S.P.R. 519, 523 (1994); 5 C.F.R. § 1201.115(c).

¶12      Accordingly, we affirm the initial decision and dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.