Frank SARACO and 800 similarly situated individuals, Plaintiffs–Appellants,

v.

The UNITED STATES and Carol Boyd Hallett in her capacity as Commissioner, United States Customs Service, Defendants–Appellees.

No. 94–1073.

United States Court of Appeals, Federal Circuit.

July 28, 1995.

Rehearing Denied Sept. 22, 1995.

Elaine Kaplan, Deputy General Counsel, National Treasury Employees Union, argued, Washington, DC, for plaintiffs-appellants. With her on the brief was Gregory O'Duden, General Counsel.

Shalom Brilliant, Sr. Trial Counsel, Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for defendants-appellees. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., and David M. Cohen, Director.

Before ARCHER, Chief Judge, NEWMAN and MICHEL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Frank Saraco and 800 similarly situated individuals appeal the decision of the United States District Court for the Eastern District of Pennsylvania, transferring this case to the United States Court of Federal Claims.[1] This appeal is taken in accordance with 28 U.S.C. § 1292(d)(4)(A), which assigns to the Federal Circuit exclusive jurisdiction of interlocutory appeals of the issue of jurisdic-

---

1. *Saraco v. Hallett,* 831 F.Supp. 1154 (E.D.Pa. 1993).

tion as between the district court and the Court of Federal Claims.

## BACKGROUND

Appellants are Customs Inspectors and Import Specialists who are classified as employed in an "administrative capacity" within the meaning of 29 U.S.C. § 213(a)(1) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. They are considered "exempt" employees for the purposes of the FLSA. The gravamen of their suit is that they are improperly classified as exempt, and that this classification impairs their right to compensation for overtime work. In Count I they challenge their classification under the applicable regulations of the Office of Personnel Management, and seek back pay and liquidated damages as provided by the FLSA. In Count II they challenge the validity of OPM's classification regulations in administration of the FLSA.

The district court, on motion of the government, transferred Count I to the Court of Federal Claims. Rejecting the appellants' position that the appropriate jurisdictional statute is § 216(b) of the FLSA, the district court held that only the Tucker Act grants jurisdiction of such suits against the United States. Tucker Act suits for amounts in excess of $10,000 can be brought only in the Court of Federal Claims:

> **28 U.S.C. § 1491(a)(1)** The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

"Little" Tucker Act suits, for claims not exceeding $10,000, can be brought in the district courts:

> **28 U.S.C. § 1346(a)(2)** Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States,

... [except for claims subject to] the Contract Disputes Act of 1978.

28 U.S.C. § 1402(a)(1) provides that claims brought under section 1346(a), other than by a corporation, may be prosecuted only in the judicial district where the plaintiff resides.

The district court denied the appellants' motion to amend their complaint to limit to $10,000 the damages sought by each plaintiff, an opportunity that is usually granted to Tucker Act plaintiffs who wish to remain in the district court. The district court ruled that venue was improper as to those plaintiffs (a majority of the total) who reside outside of the Eastern District of Pennsylvania. The court explained that amendment of the complaint would be futile in light of the venue problem.

The district court also transferred Count II of the complaint. The court observed that although the Court of Federal Claims does not have original jurisdiction over the classification action, which was brought pursuant to the Administrative Procedure Act, that court does have power to afford complete relief:

> **28 U.S.C. § 1491(a)(2).** To provide an entire remedy and to complete the relief afforded by the judgment, the [Court of Federal Claims] may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, ... and such orders may be issued to any appropriate official of the United States.

Neither side challenges the correctness of the transfer of Count II, if Count I were properly transferred.

## DISCUSSION

 A waiver of governmental immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). When so expressed, however, it must be applied in accordance with its terms, and not reinterpreted contrary to congressional intent. *See, e.g., Indian Towing Co. v. United States*, 350 U.S. 61, 69, 76 S.Ct. 122, 126–27, 100 L.Ed. 48 (1955) ("Of course, when

dealing with a statute subjecting the Government to liability for potentially great sums of money, this Court must not promote profligacy by careless construction. Neither should it as a self-constituted guardian of the Treasury import immunity back into a statute designed to limit it.")

Appellants argue that the district court was incorrect in holding that the Tucker Act is the only statute conferring jurisdiction with respect to Count I. They argue that the intent of the Fair Labor Standards Act is clear, and that it confers jurisdiction on the district court without distinguishing between government and private employers, in that the FLSA authorizes suit "against any employer (including a public agency) in any Federal or State court of competent jurisdiction":

> **29 U.S.C. § 216(b) Damages; right of action; ...**
>
> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Appellants argue that this provision authorizes suit in the district court because that court's federal question jurisdiction makes it a court "of competent jurisdiction" for actions under the FLSA, and that § 216(b) does not distinguish between private and public employers. The government's response is that only the Tucker Act confers jurisdiction for monetary claims against the government arising under the FLSA.

The question of jurisdiction is a recurring one in suits against the government. In *Zumerling v. Devine,* 769 F.2d 745 (Fed.Cir. 1985), federal firefighters challenged, in the district court, the government's method of calculating their overtime pay under the FLSA. The question was raised of whether the district court's jurisdiction was based on the Tucker Act or the FLSA, since that would determine whether claims in excess of $10,000 could be presented in the district court, as well as the path of appeal.

The Federal Circuit discussed the difference "between a law conferring a substantive right to recover money from the United States, and a law endowing a court with jurisdiction of suits to enforce that right," and held that these were distinct requirements, both of which must be satisfied. *Zumerling,* 769 F.2d at 749 (citing *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). *See also United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d 580 (1983). The court explained that the FLSA conferred the right to recover money from the United States, that is, the FLSA contained the requisite waiver of sovereign immunity; but that only the Tucker Act provided jurisdiction of suits to enforce that right. Thus the court concluded that the Tucker Act was the applicable jurisdictional statute in the district court. *Zumerling,* 769 F.2d at 749.

Appellants invite us to reconsider *Zumerling,* suggesting that it was not correctly decided. Appellants suggest that the correct reading of the FLSA is that it both waived sovereign immunity and provided an independent basis for the district court's jurisdiction, separate from the Tucker Act. Appellants point to the Supreme Court's reminder that:

> [W]aiver of sovereign immunity is accomplished not by "a ritualistic formula"; rather intent to waive immunity and the scope of such a waiver can only be ascertained by reference to underlying congressional policy.

*Franchise Tax Board v. United States Postal Service,* 467 U.S. 512, 521, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984) (quoting *Keifer & Keifer v. Reconstruction Finance Corp.,* 306 U.S. 381, 389 (1939)). However, the issue in this case is not whether governmen-

**866**

tal immunity from suit has been waived, for it explicitly has been. The issue is only in which federal court the authorized suit may be brought.

Appellants suggest that a change in viewpoint is reflected in the analysis of congressional intent in *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), wherein the Court recognized that the district court may have jurisdiction of some monetary claims outside of the Tucker Act; and in *American National Red Cross v. S.G.,* 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992), wherein the Court held that the federal charter of the Red Cross, which authorized that organization "to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States," conferred original jurisdiction on the federal district courts.

Although it is easy to distinguish the cause in *Bowen v. Massachusetts,* where the plaintiff was seeking relief other than money damages, from a claim under the Tucker Act; and it is readily seen that a suit against the Red Cross is not a suit against the United States; we take note that there are other instances in which the term "court of competent jurisdiction" has been interpreted to assign jurisdiction outside of the Tucker Act for monetary claims against the government. For example, in *C.H. Sanders Co. v. BHAP Housing Development Fund Co.,* 903 F.2d 114 (2d Cir.1990), that court held that for actions under the National Housing Act, 12 U.S.C. § 1702, the district court had jurisdiction under 28 U.S.C. § 1331, and rejected the government's argument that the Tucker Act overrides federal question jurisdiction in the district court. In *Hubbard v. Administrator, E.P.A.,* 982 F.2d 531 (D.C.Cir.1992) (*en banc*), that court held that a claim for pay by a person who was wrongfully denied employment was a claim for money damages and suit must be brought under the Tucker Act, adding that "We do not suggest that back pay must always be viewed as money damages and can never be properly categorized as specific relief." 982 F.2d at 533 n. 4.

■ Divergence of judicial opinion concerning the jurisdiction of monetary claims against the government under various statutes is reflected in the many cases raising the threshold question of jurisdiction as between the district courts and the Court of Federal Claims. However, the Federal Circuit in *Zumerling v. Devine* held that jurisdiction of cases under the FLSA was provided only by the Tucker Act. *Zumerling* states the consistent law of the Federal Circuit. We have come upon no instances of circuit conflict in FLSA actions against the United States. *Zumerling* is in accord with *Testan* and *Mitchell, supra,* and is not inconsistent with *Bowen v. Massachusetts* or *American Red Cross.* It is binding precedent in this court. The district court correctly applied this precedent in transferring the case to the Court of Federal Claims.

*AFFIRMED.*