No costs on review.

**SON BROADCASTING, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–115C.

United States Court of Federal Claims.

Dec. 4, 1998.

A. Wray Fitch III and Stephen M. Clarke, McLean, Va., for plaintiff.

Caroline A.E. Smith, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director Kathryn A. Bleecker, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

This government contracts dispute between plaintiff, Son Broadcasting, Inc., and defendant, the United States Forest Service, concerns a development project to build and operate broadcasting towers in Santa Fe, New Mexico. The case comes before the court on defendant's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(4). In its motion, defendant challenges plaintiff's claims for breach of contract, detrimental reliance, and violation of regulation, arguing that the court lacks jurisdiction over plaintiff's detrimental reliance and violation of regulation claims and plaintiff fails to state a viable claim for contract relief. For the reasons set forth below, the court allows in part and denies in part defendant's motion to dismiss.

## BACKGROUND

In 1983, the United States Forest Service adopted a development plan to build and operate television and radio broadcasting towers on a particular communications site in Santa Fe, New Mexico. The plan initially authorized defendant to build two towers, and defendant issued plaintiff a special use permit to develop and operate one of these authorized towers. In 1996, however, defendant built a third tower on the same communication site even though plaintiff's tower had the capacity to accommodate additional users. The parties now dispute whether constructing the third tower violated the terms of defendant's agreement with plaintiff as set forth in the development plan, special use permit (which incorporates by reference the development plan), and related documents.

Resolution of the case turns on certain key provisions of the development plan. Those provisions state, in pertinent part:

III. *MANAGEMENT DECISIONS AND CONSTRAINTS*

1. [Defendant shall m]aximize the number of compatible electronic uses on a minimum site area by authorizing one building complex ... and two antennae towers initially, with an option for a third tower upon approval by the Forest Supervisor.

2. [Defendant shall] reserve the right ... to authorize additional users on the site, building, or antennae tower ...

15. ... Initially, two guyed antennae towers are authorized. A third antennae tower which may be self supporting may be authorized when the technical capacity of the intial (sic) two towers is reached.

(Def.App. at 3, 5.)

Plaintiff and defendant interpret these provisions differently. Plaintiff argues that the plan imposed limitations, or constraints, upon defendant's ability to build a third tower. Plaintiff contends that defendant could not build the third tower until the technical capacity of the first two towers was full. Moreover, until capacity was full, defendant

was required to maximize the number of compatible electronic uses on each of the two authorized towers and could only add users to each of the two towers. Defendant, on the other hand, contends that it possessed absolute discretion to build the third tower, and it only needed the approval of the Forest Supervisor to do so.

In 1996, when defendant began to construct the third tower, plaintiff filed suit in the United States District Court for the District of New Mexico and unsuccessfully sought an injunction. Defendant moved to dismiss or, alternatively, transfer the suit from district court, arguing that jurisdiction lay in the Court of Federal Claims. The district court agreed and transferred plaintiff's claims against the government to the Court of Federal Claims in February 1998. Plaintiff amended its complaint in this court and asserted claims for breach of contract, detrimental reliance, and violation of regulation. Having convinced the district court that this court possessed authority to hear the claims, defendant now moves to dismiss plaintiff's claims in this court for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## DISCUSSION

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction (RCFC 12(b)(1))

In considering defendant's motion to dismiss for lack of subject matter jurisdiction, the court must construe the facts in the complaint in the light most favorable to plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and accept any undisputed allegations of fact as true, see Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed.Cir.1988). The court, however, is not required to accept plaintiff's framing of the complaint and, instead, must look to plaintiff's factual allegations to ascertain the true nature of plaintiff's claims. See Lewis v. United States, 32 Fed. Cl. 301, 304 (1994), aff'd, 70 F.3d 597 (Fed. Cir.1995); see also American Maritime Transport, Inc. v. United States, 18 Cl.Ct. 283, 293 (1989) (court is not bound by the labels a party gives to a claim or by a party's characterization of an issue). When jurisdic-

tional facts are challenged, the court may look to matters outside the pleadings, see Lewis, 32 Fed.Cl. at 304, but plaintiff ultimately bears the burden of establishing subject matter jurisdiction over each of its claims by a preponderance of the evidence, see Reynolds, 846 F.2d at 748; Burgess v. United States, 20 Cl.Ct. 701, 703 (1990).

Here, plaintiff asserts jurisdiction under the Tucker Act, which grants the Court of Federal Claims jurisdiction over non-tort money suits against the United States founded either upon the Constitution, a federal statute or regulation, or upon an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (1994); see New York Life Ins. Co. v. United States, 118 F.3d 1553, 1555 (Fed.Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998). It is clear that plaintiff meets its burden with respect to its breach of contract claims because the Tucker Act expressly grants this court jurisdiction to hear such claims. Plaintiff, however, does not meet its burden with respect to its detrimental reliance and violation of regulation claims for the reasons set forth below.

### A. Detrimental Reliance Claim

■ The court must first ascertain the true nature of plaintiff's detrimental reliance claim and then determine whether it has jurisdiction over that claim.

Plaintiff avers that defendant induced it to reasonably and foreseeably rely upon the development plan, permit, and other correspondence, all of which contain defendant's express and implied promises that it would not build a third tower until the capacity of the other two towers was full. Similarly, the doctrine of promissory estoppel allows the court to enforce a promise when the promise reasonably and foreseeably induced plaintiff to act or forebear and injustice can only be avoided by enforcing that promise. See American Maritime Transport, Inc. v. United States, 18 Cl.Ct. 283, 292 (1989); Durant v. United States, 16 Cl.Ct. 447, 450 (1988); see also Restatement (Second) of Contracts § 90 (1981). Plaintiff phrases its detrimental reliance claim in the language of promissory

estoppel. It follows, therefore, that the claim is best characterized as one of promissory estoppel.

■ It is well settled that the Court of Federal Claims lacks jurisdiction over promissory estoppel claims under the Tucker Act. *See Gregory v. United States,* 37 Fed.Cl. 388, 396 (1997); *Knaub v. United States,* 22 Cl.Ct. 268, 276 (1991); *Durant,* 16 Cl.Ct. at 450; *Schuhl v. United States,* 3 Cl.Ct. 207, 210–11 (1983); *Biagioli v. United States,* 2 Cl.Ct. 304, 308 (1983); *see also Schwartz v. United States,* 16 Cl.Ct. 182, 185 (1989) (promissory estoppel is implied-in-law contract over which court lacks Tucker Act jurisdiction). Consequently, this court dismisses plaintiff's detrimental reliance claim for lack of jurisdiction.

Defendant is cautioned, however, that dismissal does not, in any way, limit plaintiff's ability to litigate its breach of contract claim in this court. Plaintiff is not precluded from proving that defendant made promises—including but not limited to promises made in the development plan, special use permit, and related correspondence—or that a meeting of the minds occurred as evidenced by plaintiff's reliance on those promises. Such arguments clearly go to the heart of plaintiff's contract claim.

### B. Violation of Regulation Claims

Plaintiff claims that defendant violated 36 C.F.R. § 215 when it failed to adequately provide public notice and when it dismissed plaintiff's appeal of the decision to build the third tower.[1] The court, however, lacks jurisdiction over plaintiff's violation of regulation claim because the regulation is not money-mandating.

■ Without question, the cornerstone of this court's Tucker Act jurisdiction is the money-mandating requirement. *See United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Eastport S. S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967). For plaintiff's claim to be jurisdictionally sound, there must exist a statute, regulation, or contract, distinct from the Tucker Act itself, that specifically allows the monetary relief plaintiff requests. *See New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1556 (Fed.Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *Eastport S. S.,* 372 F.2d at 1008–09; *Mobin v. United States,* 22 Cl.Ct. 331, 333–34 (1991); *see also United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (Tucker Act alone "does not create any substantive right enforceable against the United States for money damages"). It is not enough that plaintiff sustained money damages; plaintiff must point to a specific source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

■ Here, 36 C.F.R. § 215 provides that the Forest Service must give notice to the public of proposed changes to land management plans, allow the public an opportunity to comment on same, and provide a mechanism for appeal. *See* 36 C.F.R. § 215 (1997). The regulation, however, does not provide for money relief if violations occur. Therefore, plaintiff's violation of regulation claim must be dismissed for lack of jurisdiction.[2]

### C. Jurisdictional Defenses

#### 1. Estoppel

■ Plaintiff argues that defendant should be estopped from raising jurisdiction-

---

1. Plaintiff also alleges, but does not assert as claims for relief, that defendant violated Fee Schedule for Communications Uses on National Forest System Lands, 60 Fed.Reg. 55,090, 55,099 (1995), and FSH 2709.1 § 48.1 (1995) when it failed to maximize usage of plaintiff's tower. Even if plaintiff stated claims for relief, however, the court would dismiss the claims for lack of jurisdiction because the regulations are not money-mandating.

2. Plaintiff does not contend that defendant, by denying plaintiff's appeal under 26 C.F.R. § 215, in effect, abrogated plaintiff's contract right to maximize tower usage. The court, therefore, does not consider whether plaintiff may have asserted a jurisdictionally sound claim under the Fifth Amendment. *Cf. United States v. Winstar Corp.,* 518 U.S. 839, 116 S.Ct. 2432, 135 L.Ed.2d 964 (1996); *Yankee Atomic Elec. Co. v. United States,* 112 F.3d 1569 (1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 2365, 141 L.Ed.2d 735 (1998).

al challenges, particularly since defendant argued so persuasively in the district court that jurisdiction was proper in the Court of Federal Claims. This court, however, cannot impose such a rule. It is well settled that principles of estoppel do not apply to jurisdiction. *See Dunklebarger v. Merit Systems Protection Bd.*, 130 F.3d 1476, 1480 (Fed.Cir. 1997) ("principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so"); *Wood–Ivey Systems Corp. v. United States*, 4 F.3d 961, 967 (Fed. Cir.1993) (Nies, Chief J., concurring and dissenting in part) ("parties cannot overcome the lack of jurisdiction by stipulation, waiver or estoppel"). Jurisdiction is conferred by Congress, not by defendant's arguments in the district court proceeding and not by the district court's transfer of the case to the Court of Federal Claims. *See Dunklebarger*, 130 F.3d at 1480 ("no action of the parties can confer subject-matter jurisdiction"); *A–B Cattle Co. v. United States*, 223 Ct.Cl. 514, 621 F.2d 1099, 1103 (1980) (transfer of case does not confer jurisdiction because "jurisdiction derives from Congress, not from district judges"); *Synernet Corp. v. United States*, 41 Fed.Cl. 375, 383 (1998) ("[r]egardless of the defendant's argument in the district court case, the defendant cannot be estopped from asserting lack of subject matter jurisdiction as a defense"). Absent Congressional delegation of jurisdiction, this court simply cannot hear plaintiff's claims. *See Connolly v. United States*, 554 F.Supp. 1250, 1 Cl.Ct. 312, 314 (1982), *aff'd in part and rev'd in part on other grounds*, 716 F.2d 882 (Fed. Cir.1983). The court, therefore, rejects plaintiff's estoppel argument and dismisses plaintiff's detrimental reliance and violation of regulation claims for lack of jurisdiction.

### 2. Complete and/or Equitable Relief

Plaintiff argues that this court has jurisdiction to consider the entire complaint, including those claims of detrimental reliance and violation of regulation, because the Tucker Act empowers the court to hear all claims in connection with a contract claim when necessary to provide a party with complete relief and because the Tucker Act empowers the court to grant equitable relief when justice requires. In support of these arguments, plaintiff relies on three authorities: (1) the district court's memorandum opinion, analyzing Tucker Act jurisdiction and transferring jurisdiction in this case; (2) a Tenth Circuit case, *New Mexico v. Regan*, 745 F.2d 1318 (10th Cir.1984), explaining Tucker Act jurisdiction; and (3) 28 U.S.C. § 1491(a)(3) (repealed 1996). Plaintiff's logic is incorrect, however, and its reliance on these authorities is misguided for the following reasons.

First, plaintiff's complete relief argument does not allow this court to bootstrap jurisdictionally unsound claims to a jurisdictionally sound contract claim. *See United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (waivers of sovereign immunity narrowly construed); *Connolly v. United States*, 554 F.Supp. 1250, 1 Cl.Ct. 312, 314 (1982) ("the court must exercise not only the traditional reluctance of federal courts to act absent specific statutory authorization ... but an additional measure of restraint growing from the principle that waivers of sovereign immunity must be narrowly construed") (citations omitted), *aff'd in part and rev'd in part on other grounds*, 716 F.2d 882 (Fed.Cir.1983). Rather, plaintiff must prove jurisdiction over each of its claims but has failed to do so here. *See Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). Second, plaintiff is seeking money damages and not equitable relief. Therefore, even though this court can, in limited circumstances, provide equitable relief, such relief is not at issue here. Third, neither the district court nor the Tenth Circuit can confer jurisdiction upon this court, and, in addition, such opinions regarding Tucker Act jurisdiction do not constitute binding precedent on the Court of Federal Claims. *See A–B Cattle Co. v. United States*, 223 Ct.Cl. 514, 621 F.2d 1099, 1103 (1980). Finally, the above referenced statute has been repealed so is wholly inapplicable here. For these reasons, the court rejects plaintiff's arguments and dismisses plaintiff's detrimental reliance and violation of regulation claims for lack of jurisdiction.

## II. Motion to Dismiss for Failure to State a Claim (RCFC 12(b)(4))

The Supreme Court set forth the standard for evaluating motions to dismiss

for failure to state a claim in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Conley* provides that a complaint should be dismissed only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 45–46, 78 S.Ct. 99. "The court is not to decide whether plaintiff's alleged claim will ultimately succeed, but whether plaintiff has alleged facts sufficient to support its claim." *Chavez v. United States*, 15 Cl.Ct. 353, 356 (1988). The court must construe the allegations in the complaint favorably to the pleader and resolve all reasonable inferences and presumptions in favor of the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir.1991). To prevail on its motion to dismiss for failure to state a claim, therefore, defendant bears a heavy burden to establish an "insurmountable bar" to plaintiff's relief. *Chavez*, 15 Cl.Ct. at 356.

In this case, defendant has fallen far short of meeting its burden. Plaintiff has provided several documents (e.g. development plan, permit, and related correspondence) showing that defendant promised not build a third tower until the first two towers reached full capacity. Furthermore, plaintiff has set forth facts demonstrating that defendant breached this promise when it built the third tower while plaintiff's tower could still accommodate additional users. These facts are more than sufficient to support plaintiff's claim for breach of contract.

In its motion to dismiss, defendant urges the court to ignore those provisions of the contract that plaintiff relies upon to establish its contract claim and, instead, focus on those provisions that reserve to defendant discretion to build the third tower. Additional discretion, defendant argues, is granted via statute and regulation. Defendant contends that because it possessed discretion to build the third tower, it could not possibly violate the terms of the development plan or plaintiff's permit. Defendant concludes, therefore, that it must win on the merits and plaintiff fails to state a viable claim for contract relief.

Defendant's argument is faulty for three reasons.

First, in considering defendant's motion to dismiss, the court must resolve all reasonable inferences—including those of contract interpretation—in favor of plaintiff. *See Gould,* 935 F.2d at 1274. Here, plaintiff's interpretation of the contract is contrary to defendant's, but it is nevertheless reasonable. Defendant, however, improperly asks this court to draw inferences adverse to plaintiff when it asks the court to ignore the contract provisions emphasized by plaintiff and also to ignore allegations in support of plaintiff's contract claim. This the court cannot do.

Second, to prevail on its motion to dismiss, defendant must demonstrate that no set of facts exist that entitle plaintiff to relief. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Here, however, defendant does not meet this heavy burden. The discretion that defendant may have reserved by contract, statute, or regulation does not as a matter of law preclude the possibility that defendant may also have made, and breached, express or implied promises to plaintiff. Even with discretion, defendant could have breached its promises to plaintiff, a conclusion that is supported here by plaintiff's allegations of fact.

Third, the test for dismissal is whether facts exist to support a claim, not whether the claim is a winning one. *See Chavez,* 15 Cl.Ct. at 356. Here, whether or not defendant possessed discretion to build the third tower goes to the merits of plaintiff's claim and the strength of plaintiff's argument, not whether plaintiff states a viable claim for contract relief. Plaintiff may or may not ultimately prevail, but this is irrelevant to the court's RCFC 12(b)(4) analysis. *See id.*

In summary, defendant has fallen far short of demonstrating an insurmountable bar to plaintiff's contract relief. Accordingly, the court denies defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, the court *ALLOWS* defendant's motion to dismiss plaintiff's detrimental reliance and violation

of regulation claims and *DENIES* defendant's motion to dismiss plaintiff's breach of contract claim.

IT IS SO ORDERED.