**COMMONWEALTH OF PUERTO RICO, Department of Labor and Human Resources, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 98–828C.

United States Court of Federal Claims.

Aug. 31, 1999.

Steven D. Cundra, O'Rourke & Cundra, Washington, D.C.

Reginald T. Blades, Jr., Senior Trial Counsel, Commercial Litigation Branch, Civil Division, David M. Cohen, Director, United States Department of Justice, Washington, D.C., attorneys of record for the defendant. Vincent C. Costantino, Assistant Counsel for Litigation, Department of Labor, Washington D.C., of counsel.

## OPINION

HORN, Judge.

### FACTS

Plaintiff, the Commonwealth of Puerto Rico, Department of Labor and Human Resources (DLHR), claims the defendant, the United States, owes it monies for a migrant and seasonal farmworker training program, established under the Job Training Partnership Act (JTPA), 29 U.S.C. §§ 1501–1792b (1994). The United States Department of Labor (DOL) selects one recipient for the award in each service area or jurisdiction. The JTPA provides for administrative review "[w]henever any applicant for financial assistance under this chapter is dissatisfied because the Secretary has made a determination not to award financial assistance." 29 U.S.C. § 1576(a) (1994). Dissatisfied applicants may appeal first to an administrative

law judge (ALJ), then to the Secretary of DOL, then directly to the United States Court of Appeals for the service areas's Circuit. 29 U.S.C. §§ 1576(b), 1578(a). The remedy for a successful appeal is limited by the regulations to "the right to be designated [as a grant recipient] in the future, rather than a retroactive or immediately effective selection status." 20 C.F.R. § 633.205(e) (1997).

On August 8, 1997, both DLHR and Rural Opportunities, Inc. (ROI) submitted final applications to DOL to receive the grant for the Puerto Rico service area for the years 1997 and 1998. In response to a decision to award the grant to ROI, DLHR complained that the award was improper and appealed the decision to an ALJ, pursuant to 29 U.S.C. § 1576(a). Before a decision was reached on the merits, the DOL and DLHR reached a settlement stipulating that DOL would unconditionally designate and fund DLHR as the only service provider for the program in Puerto Rico and award DLHR the balance of funds for 1997 and all of the funds for 1998. The designation agreement was reduced to writing on December 8, 1997. On December 10, 1997, the ALJ approved the settlement agreement, incorporated the December 8, 1997 written agreement into the contract and dismissed the appeal. The settlement agreement stated:

> The Department hereby agrees to unconditionally designate and fund DLHR as the only service provider for the Job Training Partnership Act Section 402 Migrant and Seasonal Farmworker Program for the service area of the Commonwealth of Puerto Rico for the balance of Program Year 1997 as well as Program Year 1998, ending on June 30, 1999.

The funds allocated for 1997 totaled $2,867,153.00, of which DLHR expected $1,433,576.50 (50 percent). Plaintiff, however, was advised by DOL that no funds were available for transfer and that approximately $533,000.00 would be used to cover ROI's close out costs. DLHR returned to the ALJ to enforce the settlement agreement under section 1576(a). The ALJ dismissed the case for lack of jurisdiction stating that he had statutory authority, under 29 C.F.R. Part 18,

only to affirm or remand decisions of the grant officer, but not to enforce them. During this time, however, DOL released $900,-000.00 to DLHR. DLHR, therefore, filed an amended claim seeking monetary damages in the amount of $533,577.00, as well as interest, costs and attorney's fees.

DLHR then filed suit in the District Court for the District of Columbia under the Administrative Procedure Act (APA). 5 U.S.C. § 702 (1994). The DOL filed a motion to dismiss for lack of jurisdiction, arguing that the case properly should be before the appropriate Court of Appeals pursuant to section 1578(a) of the JTPA or before the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994 & Supp. III 1997).

On June 1, 1998, the District Court granted the motion to dismiss, concluding in accordance with the statute that the APA precludes jurisdiction, "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought," 5 U.S.C. § 702, and stating, "[t]hus, if plaintiff can seek relief under another statute that vests exclusive jurisdiction in a court other than this one, then plaintiff cannot seek relief under the APA." *Commonwealth of Puerto Rico, Dept. of Labor and Human Resources v. Herman,* No. 98–0532, slip op. at 7 (D.D.C. June 12, 1998). The District Court pointed out that the plaintiff's claim was not appropriate for adjudication under the JTPA because it was not an appeal of an award to provide financial assistance, but rather an attempt "to enforce the award that it has already won" and that "[t]here is no doubt that plaintiff's claims arise out of its contract with the government, and not out of a separate statutory authority." *Id.* at 8–9. The District Court found the dispute to fall under the exclusive jurisdiction of the United States Court of Federal Claims under the Tucker Act as a demand for monetary damages greater than $10,000.00 arising out of an express contract with the United States.

On July 21, 1998, the District Court's order was amended to transfer DLHR's claim to the Court of Federal Claims, pursuant to 28 U.S.C. § 1631(1994). The DOL now

moves again in this court to dismiss for lack of subject matter jurisdiction.

## DISCUSSION

██ The defendant has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(4) of the United States Court of Federal Claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte,* or on appeal. *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.1993); *United States v. Newport News Shipbuilding & Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991).

██ Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178, 1996 WL 285759 (Fed.Cir.1996). When construing the pleadings pursuant to a motion to dismiss, the court should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Son Broadcasting, Inc. v. United States,* 42 Fed.Cl. 532, 537 (1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted)).

Pursuant to RCFC 8(a)(1) and the Federal Rules of Civil Procedure 8(a)(1),[1] a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.

---

1. In general, the rules of this court are patterned on the Federal Rules of Civil Procedure. Therefore, precedent under the Federal Rules of Civil Procedure is relevant to interpreting the rules of

1997). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. La-Hue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

When deciding on a motion to dismiss based on either lack of subject matter jurisdiction or failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90, (1974); *see also Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995) *cert. denied,* 435 U.S. 924, 98 S.Ct. 1488, 55 L.Ed.2d 517 (1975); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir. 1989) *cert. denied,* 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). If a defendant challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. at 189, 56 S.Ct. 780; *see also Land, Chairman, United States Maritime Comm'n v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d at 747; *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404–05 (1994). The court may consider all relevant evidence in order to resolve the factual dispute, including evidentiary matters outside the pleadings. *Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 884 (Fed.Cir.1985) *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

██ In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491. The Tucker Act states:

---

this court. *Kraft, Inc. v. United States,* 85 F.3d 602, 605 n. 6 (Fed.Cir.1996); *Patton v. Secretary of Dep't of Health & Human Services,* 25 F.3d 1021, 1025 [n. 4] (Fed.Cir.1994).

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) for a refund from a prior payment made to the government; or (3) based on federal constitutional, statutory, or regulatory law. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting *Eastport Steam Ship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity "cannot be implied but must be unequivocally expressed." *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir. 1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996)).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; "it does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607, *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980) (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948 (1976)); *see also Saraco v. United States,* 61 F.3d at 865 (citing *In Zumerling v. Devine,* 769 F.2d 745, 749 (Fed. Cir.1985)) (citing *United States v. Testan,* 424 U.S. at 398, 96 S.Ct. 948 (1976))); *see also United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a

waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. For claims founded on a statute or regulation to be successful, "the provisions relied upon must contain language which could fairly be interpreted as mandating recovery of compensation from the government." *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948 (quoting *Eastport Steam Ship Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)); *see also John Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir.1996).

In its motion to dismiss, DOL asserts that the United States Court of Federal Claims lacks jurisdiction to hear DLHR's claim due to the exclusive nature of jurisdiction created by sections 29 U.S.C. §§ 1576, 1578 and 20 C.F.R. § 627. 800 *et seq.* Defendant argues before this court that plaintiff's claim is precisely the type of claim for which the JTPA provides a mandatory scheme for administrative adjudication and judicial review in the courts of appeals and that the decision by the ALJ dismissing DLHR's claim for lack of jurisdiction constituted a final order by the Secretary which is reviewable under 29 U.S.C. § 1578. According to the defendant, DLHR erred in failing to follow the process provided by the statute and should not be allowed to bring suit in this court. Defendant argues that "[t]he parties' informal resolution of DLHR's appeal, by agreeing that DLHR would be designated grantee for the balance of program year 1997 and for program year 1998, did not change the nature of the action and did not alter the fora that possessed jurisdiction to adjudicate the dispute and to provide judicial review."

The plaintiff, DLHR, opposes defendant's motion to dismiss, arguing that the United States Court of Federal Claims should not relitigate the issue of jurisdiction because it has already been decided by the District Court for the District of Columbia, and the law of the case and issue preclusion should govern the result. DLHR also argues that even if the jurisdictional issue is considered on the merits, the court should find that the Court of Appeals does not have exclusive jurisdiction. According to the plaintiff, review under sections 1576 and 1578 of the

JTPA is not a comprehensive and exclusive means of administrative review of DOL's action given the facts presented in the instant case in which DLHR is not contesting denial of financial assistance by the DOL, but is seeking to enforce a settlement agreement. DLHR contends that the Court of Federal Claims has proper jurisdiction of the above captioned case under the Tucker Act for money damages over $10,000.00 based on breach of an express contract. Moreover, plaintiff argues that the defendant successfully argued to the District Court that the matter should be transferred to the Court of Federal Claims and, the defendant, therefore, should be judicially estopped from denying Tucker Act jurisdiction. According to the plaintiff, this court should refrain from even considering whether it has jurisdiction over the claim under the doctrines of issue preclusion and "law of the case."

"A court's lack of jurisdiction over a case may be considered at any time, even for the first time on appeal and can be considered *suâ sponte* by the court." *Wood–Ivey Sys. Corp. v. United States*, 4 F.3d 961, 967 (Fed. Cir.1993) citing *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed.Cir.1988). "[T]he court always has the right—indeed, the obligation—to consider its own jurisdiction." *Clark v. United States*, 229 Ct.Cl. 570, 576, 1981 WL 22060 (1981) (Harlan, J., concurring). *See also United States v. Storer Broadcasting Co.*, 351 U.S. 192, 206 n. 1, 76 S.Ct. 763, 100 L.Ed. 1081 (1956) (stating that courts have the power to consider jurisdictional issues *sua sponte* ). "Jurisdiction is conferred by Congress, not by defendant's arguments in the district court proceeding and not by the district court's transfer of the case to the Court of Federal Claims." *Son Broadcasting, Inc. v. United States*, 42 Fed. Cl. 532, 535–36 (1998). "Absent [c]ongressional delegation of jurisdiction, the court

simply cannot hear plaintiff's claims." *Id.* at 536. *See also Synernet Corp. v. United States*, 41 Fed.Cl. 375, 382–83 (1998) (in which this court discussed the unavailability of the estoppel doctrine in matters of jurisdiction), *aff'd, Synernet Corp. v. United States*, 1999 WL 600406 (Fed.Cir. Aug. 10, 1999).

Plaintiff also cites to language in the decision issued by the United States Supreme Court in *Christianson v. Colt Industries Operating Corporation*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), which plaintiff argues supports the application of "law of the case" doctrine to transfer cases. The Supreme Court wrote the "[law of the case] doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. at 815–16, 108 S.Ct. 2166 and "[i]ndeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law ...." *Id.* The plaintiff, however, misconstrues this language as a bar to review by the transferee court. The *Christianson* Court also wrote that the "law of the case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' " *Id.* at 817, 108 S.Ct. 2166 (quoting *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. at 817, 108 S.Ct. 2166 (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).[2]

---

**2.** The United States Court of Appeals for the Federal Circuit also has interpreted the Supreme Court's decision in *Christianson v. Colt* as allowing consideration of the jurisdictional issue by the transferee court. *See Rodriguez v. United States*, 862 F.2d 1558, 1560 (Fed.Cir.1988) (holding that the Claims Court erred under *Christianson v. Colt* in refusing to consider the jurisdictional issue out of deference to the "law of the case" doctrine when the transferring court's determination on the issue was "clearly errone-

ous"); *Texas American Oil Corp., v. United States Dept. of Energy*, 44 F.3d 1557, 1561–62 (Fed.Cir. 1995) (holding that under *Christianson v. Colt* the transferee court must consider the jurisdictional issue to determine if the transferee court's decision was "plausible" in which case the determination should be followed, although, in exceptional cases, if the determination is "clearly erroneous," the decision must be rejected); *see also Phoenix Petroleum Co. v. United States Federal*

In the instant case, the issue is whether DOL's failure to distribute the funds pursuant to the settlement agreement entered into by the parties constitutes "a determination not to award financial assistance" and, therefore, falls under the language of section 1576 (in which case, DLHR would be compelled to bring its claim through the JTPA statutorily prescribed channels) or whether a challenge to the settlement agreement entered into by the plaintiff and defendant constitutes an action for breach of contract under the Tucker Act.

■ The Tucker Act grants the United States Court of Federal Claims jurisdiction over actions "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. A valid express contract requires that the following criteria have been met: "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." *Total Medical Management, Inc. v. United States,* 104 F.3d 1314, 1319 (Fed.Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 156, 139 L.Ed.2d 101 (1997) (citing *Thermalon Indus., Ltd. v. United States,* 34 Fed.Cl. 411, 414 (1995) (citing *City of El Centro v. United States,* 922 F.2d 816, 820 (Fed.Cir.1990), *cert. denied,* 501 U.S. 1230, 111 S.Ct. 2851, 115 L.Ed.2d 1019 (1991); *Fincke v. United States,* 230 Ct.Cl. 233, 244, 675 F.2d 289, 295 (1982))).

■ In the case at bar, all of the elements of a contract necessary for jurisdiction under the Tucker Act are present. The settlement agreement entered into by DOL and DLHR, prior to the issuance of a decision on the merits by the ALJ, was entered into freely by both parties. The parties also stipulated that DOL agreed to "unconditionally designate and fund DLHR as the only service provider for the [JTPA]" for the balance of 1997 and all of 1998 in consideration for which DLHR agreed to withdraw the appeal, and the parties agreed to release and discharge each other from all liabilities, obligations and claims arising from the grant award process. Moreover, the authority of those who entered into the settlement agreement has not been challenged. Thus, the decision to award or not to award assistance was made and the opportunity to appeal that decision pursuant to the JTPA was relinquished when the parties entered into the settlement agreement. Plaintiff's claim is not a challenge of a decision within the scope of the grant officer's discretion of whether or not to award funds. Rather, it is a challenge of a decision not to deliver funds to the plaintiff pursuant to the settlement agreement, in which the plaintiff alleges a violation of the settlement agreement and breach of a contract. *See Fausto v. United States,* 16 Cl.Ct. 750, 754 (1989) ("A settlement agreement is a contract.").[3] Consequently, this court finds that jurisdiction in this court is properly vested under the Tucker Act, which provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States ...."

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is, hereby, **DENIED**.

**IT IS SO ORDERED.**

---

*Energy Regulatory Comm'n,* 95 F.3d 1555, 1563 (Fed.Cir.1996).

**3.** The United States District Court for the District of Columbia also found that the plaintiff "is not appealing an award of financial assistance.... Plaintiff is seeking to enforce the award that it has already won, not to challenge the award itself." *Commonwealth of Puerto Rico, Dept. of Labor and Human Resources v. Herman,* No. 98–0532, slip op. at 7 (D.D.C. June 12, 1998). The District Court based this holding on its assertion that "[t]he JTPA does not grant exclusive jurisdiction to the Courts of Appeals to hear enforcement actions; it only confers jurisdiction to hear challenges of award decisions," *id.* at 8, and that "[t]here is no doubt that plaintiff's claims arise out of its contract with the government ...." *Id.*