# In the United States Court of Federal Claims

No. 13-075C
(Filed October 29, 2013)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
PARICHEHR FARZAM,                           *
                                            *
                 Plaintiff,                 *
                                            *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                 Defendant.                 *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

As stated on the record during today's oral argument, the defendant's motion for a partial transfer or dismissal of this case is **DENIED**. The Tucker Act, 28 U.S.C. § 1491(a)(1), provides our court with subject-matter jurisdiction over money damages claims against the federal government, under non-tort-based, money-mandating statutes. The Equal Pay Act amendment to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206(d), is such a statute. The Tucker Act is not displaced as a jurisdictional source by the remedial scheme of the FLSA, 29 U.S.C. § 216(b), for that scheme is not "self-executing," as it lacks "its own judicial remedies." *United States v. Bormes*, 133 S. Ct. 12, 18 (2012). Rather than "precisely define the appropriate forum," *id.* at 19 (quoting *Hinck v. United States*, 550 U.S. 501, 507 (2007)), the FLSA allows claims for damages to be brought "in any Federal . . . court of competent jurisdiction." 29 U.S.C. § 216(b) (2006). This failure to assign jurisdiction is exactly the gap the Tucker Act was designed to address, "the missing ingredient for an action against the United States for the breach of monetary obligations not otherwise judicially enforceable." *Bormes*, 133 S. Ct. at 18. Unlike statutes which authorize the jurisdiction of particular federal courts, *cf. Bormes*, 133 S. Ct. at 19 (Fair Credit Reporting Act enforceable in U.S. district courts); *Hinck*, 550 U.S. at 504, 506 (Taxpayer Bill of Rights 2 provision enforceable in U.S. Tax Court), FLSA requires resort to other statutes to determine the jurisdictional competence of federal courts. There is no basis for concluding that Congress intended to exclude the Tucker Act from among these possible sources, and the

Court finds that our traditional jurisdiction over FLSA claims, long-recognized by the Federal Circuit, is undisturbed. *See Saraco v. United States*, 61 F.3d 863, 865-66 (Fed. Cir. 1995); *Zumerling v. Devine*, 769 F.2d 745, 748-49 (Fed. Cir. 1985); *King v. United States*, 112 Fed. Cl. 396, 400-01 (2013).

Concerning the motion to dismiss for failure to state a claim upon which relief can be granted, under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), the Court finds that the Second Amended Complaint (Compl.) contains sufficiently-detailed factual allegations to plausibly support an entitlement to damages under the Equal Pay Act. The statute requires equal wages to be paid to members of both sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," unless an exception applies. 29 U.S.C. § 206(d) (2006). The plaintiff identifies two male comparators by name and positions, Compl. ¶ 20, and alleges they are each paid more than she is, *id.* ¶¶ 19, 21. All three work for the same agency (Voice of America), are assigned as White House correspondents, and prepare reports of White House events they decide to cover. *Id.* ¶¶ 20, 22, 24-26. These reports contain "commentary on and description of the events and . . . analysis based on . . . research and experience" for broadcasts and website postings. *Id.* ¶¶ 24, 26. All three employees are alleged to have similar working conditions, as they report from the White House. *Id.* ¶ 27. The Second Amended Complaint thus contains far more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and instead contains a description of work and working conditions sufficient to make out a plausible Equal Pay Act claim. The Court rejects the government's argument that a pleading must contain all of the details necessary to make the ultimate, "factor by factor comparison" by which a case is proven. *Santiago v. United States*, 107 Fed. Cl. 154, 158 (2012) (internal quotation marks omitted). At this stage, the plaintiff need only allege, not prove, her case.

For the foregoing reasons, the government's motion to transfer the claim in Count II under RCFC 12(b)(1), or in the alternative to dismiss that claim under RCFC 12(b)(6), is **DENIED**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge